IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MARIA STOCHEL, et al.<br><br>v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | CIVIL ACTION<br><br>NO. 15-231 |
|---|---|

### ORDER

**AND NOW**, this 9th day of December, 2015, upon consideration of Defendant's <u>Daubert</u> Motion to Preclude Jay B. Rosen's Supplemental Report and April 17, 2015 Estimate and Testimony of Walter Clark (ECF 23), Defendant's Motion for Summary Judgment (ECF 24), and all submissions related thereto by counsel, and for the reasons stated in the foregoing Memorandum, it is hereby **ORDERED** that**:**

1. Defendant's <u>Daubert</u> Motion to Preclude is **GRANTED IN PART AND DENIED IN PART.** The Court strikes the following from Rosen's Supplemental Report: "While it is difficult to separate the causes to individual damage, it is my professional opinion that the flood line or high water line can be used as a division for a demarcation of cause.  In other words, damage below the high water line is due to the water main break, and damage above the high water line is due to vibration.  While overlap does exist, this provides a bright line break in causation." Rosen is also prohibited from opining that the water line provides a basis for separating damage caused by flood from damage caused by vibration.  In all other respects, the Motion is denied;

2. Defendant's Motion for Summary Judgment is **DENIED.**

BY THE COURT:<br>
/s/ <i>Michael M. Baylson</i><br>
_____<br>
<b>MICHAEL M. BAYLSON, U.S.D.J.</b>

O:\CIVIL 15\15-231 stochel v. allstate\2015.12.09 Order re Daubert and MSJ.docx